**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7230**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KENNETH ROSHAUN REID,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

_____

Submitted:  February 21, 2023            Decided:  February 24, 2023

_____

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Kenneth Roshaun Reid, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's order dismissing his motion for judicial notice and to correct an unconstitutional sentence.[1] Reid's motion was, in substance, a successive 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reid's motion challenged the validity of his convictions and sentence and should have been construed as a successive § 2255 motion.[2] *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the

---

[1] The court's order also dismissed Reid's letter asking why he was not brought back to court for resentencing after the order denying his motion for reduction of sentence under the First Step Act of 2018 was vacated and his case remanded. Reid confines his appeal to the dismissal of his motion.

[2] The district court denied relief on Reid's initial § 2255 motion on the merits in 2010.

2

absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Reid's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*